IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SHARRON COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | _____ |
| DECATUR MORGAN HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Sharron Cook, by and through undersigned Counsel, and charges Defendant, Decatur Morgan Hospital ("Defendant"), with unlawful, age based employment practices arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 et seq., the Alabama Age Discrimination in Employment Act ("AADEA") §25-1-20 Alabama Code 1975, et seq., and unlawful disability discrimination in violation of the Americans with Disabilities Amendment Act of 2008 ("ADAA"), 42 U.S.C. §§ 12101 et seq. In support thereof, Plaintiff states the following:

### I. JURISDICTION AND VENUE

1.  This action is brought to remedy discrimination on the basis of age and disability in the terms, conditions and privileges of employment in violation of ADEA, AADEA and the ADAA. The jurisdiction of this Court is invoked to secure protection

for and to redress the deprivation of rights secured by ADEA, AADEA and ADAA and to provide injunctive and other relief against age-based discrimination in employment.

2. Defendant is doing business within this judicial district, and this action is brought in the judicial district wherein the unlawful employment practices that form the basis of this Complaint were committed, making venue proper under 28 U.S.C. 1391.

## II. PARTIES

3. Plaintiff Sharron Cook is over the age of 18, a resident of Decatur, Alabama and was employed during the relevant time period herein in Morgan County, Alabama with the Defendant.

4. Defendant Decatur Morgan Hospital is an entity hospital doing business at 1201 7th Street SE, Decatur, Alabama 35601. Defendant is engaged in providing medical services and has over 100 employees.

## III. ADMINISTRATIVE PROCEDURES

5. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

6. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at Decatur Morgan Hospital.

7. This action seeks to redress unlawful resulting from the acts of Defendant, its agents, servants and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or

practice of discriminating against the Plaintiff and others similarly situated on account of age and/or disability.

8. On or about August, 2021, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of age-based and disability based discrimination.

9. On or about February 28, 2022, the EEOC issued a notice informing Plaintiff of her right to sue Defendant in federal court, and Plaintiff filed suit within ninety (90) days of notice of same.

10. Plaintiff has complied fully with all administrative prerequisites prior to filing this lawsuit, and Plaintiff is entitled to bring this action.

### IV. FACTS

11. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

12. Plaintiff, Sharron Cook, was employed with the Defendant for over 41 years prior to being terminated on or about July 9, 2021.

13. During the last tenure of her time employed at the hospital, Plaintiff was Director of Service Excellence.

14. In February 2019, Plaintiff was diagnosed with breast cancer and underwent a bilateral mastectomy.

15. Despite being under extreme pressure at work due to two work force

reductions which removed three FTEs from her Service Excellence Department, she had loyalty to the hospital and came back to work after only four weeks.

16. At the time, Ms. Cook had over 700 of sick time accrued.

17. Following her breast cancer, she was diagnosed with an auto immune disorder and worked every day despite her serious health conditions.

18. Noel Lovelace whom Ms. Cook reported to was aware of her serious health conditions and work stress.

19. Following the breast cancer diagnosis, Ms. Cook was diagnosed with Carpal Tunnel Syndrome (CTS).

20. Again due to her loyalty to the hospital, she waited to have the surgery to repair this serious medical condition until the hospital hired another employee that could fill in while she was out.

21. On May 11, 2021 after returning form CTS surgery on her right hand, Ms. Cook met with Amy Bippen, Service Line Director of Clinical and Service Excellence, to discuss service initiatives.

22. During the May 11, 2021 meeting, Ms. Cook discussed with Ms. Bippen the need for CTS surgery on her left hand. Ms Bippen suggested that Ms. Cook should wait until she retires to have that surgery. Ms. Bippen also suggested that Ms. Cook retire before planned vacation so that she did not have to use her vacation time as an employee.

23. After the May 11, 2021 meeting, Ms. Cook continually requested regular

service meetings with Ms. Bippen which were ignored.

24. On May 19, 2021, Ms. Cook met with the HR Director, Karla Gray to discuss the situation. Karla stated that she and Kelli Powers (President of Decatur Morgan) were concerned that Ms. Cook was taking too much time and two newly hired employees were not being trained properly.

25. Ms. Cook, again in deference to the needs of her employer came back from CTS surgery one week early. At this time, Ms. Cook discussed the isolation that was occurring in her department. She was being personally and professionally harassed.

26. Decatur Morgan was intentionally leaving Ms. Cook out of service initiative meetings and communications.

27. Ms. Cook reported the change in her hostile work environment to Ms. Gray who belittled her for reporting it.

28. When Ms. Cook asked for help from HR, Ms. Gray stated, "You know we can tell you when you will retire". Ms. Cook responded by asking "You mean terminate me?" Ms. Gray then told her that they could tell her when her last day would be.

29. The hospital and Plaintiff's supervisors then began to further isolate Ms. Cook, bypass her, block her from events and essentially attempt to take her responsibilities away.

30. In June 2021 Ms. Cook was left off the phone directory update, left off

committee meetings, quality meetings and emails.

31. On June 16, 2021, Ms. Cook again met with Ms. Bippen to ask why she was being left off emails and being blocked from events. Instead of addressing Ms. Cook's concerns, Ms. Bippen asked her when she was going to retire.

32. Ms. Cook told her September. Ms. Bippen responded by telling her she should retire in July or August.

33. Ms. Cook had calculated her retirement based on insurance, benefits and social security.

34. The hospital then took action to wrongfully terminate the ever loyal Ms. Cook based on her age and disabilities.

35. Plaintiff's health conditions are qualified disabilities under the ADAA.

36. Plaintiff was a qualified individual with a disability under the ADAA.

37. Plaintiff's health conditions, substantially limited her in major life activities.

38. Defendant perceived Plaintiff as suffering from a disability due to her health conditions.

39. By terminating her employment, Defendant discriminated against Plaintiff and retaliated against her because of disabilities or perceived disabilities.

40. The hospital has a practice of discriminating to those employees over 60 years of age.

41. Further, it should be noted that the hospital practice related to resignation

for directors had been a 30 day notice until COVID, then was changed to six weeks and a formal letter of resignation was policy and practice.

42. Ms. Cook did not submit the required formal resignation letter

43. Once her younger replacements were trained, on July 1, 2021, Ms. Bippen sent Ms. Cook an email stating "This is notice that your final day at work will be July 9th, 2021".

44. Ms. Cook was replaced by younger persons and persons who did not have a disability protected by the ADA.

45. Ms. Cook was effectively terminated based on her age and disabilities.

46. As a result of the hospital's wrongful actions, Ms. Cook lost accrued vacation time for which the hospital did not pay her.

47. Furthermore, Ms. Cook was unable to use a sick pay balance for her planned second surgery.

48. In July, 2021, Plaintiff was 66 years of age.

49. In July 2021, Plaintiff underwent surgery to correct Carpal Tunnel Syndrome.

50. In July, 2021, Plaintiff was employed with Defendant making approximately $70,000 per year.

51. Defendant intentionally and willfully terminated Plaintiff on July 9, 2021.

52. Age was determinative factor in the Plaintiff's termination.

53. Disability was a determinative factor in the Plaintiff's termination.

54. Plaintiff was and is qualified for the position.

55. Plaintiff suffered an adverse employment decision.

56. Plaintiff's replacement was sufficiently younger permitting a reasonable inference of age discrimination.

57. Plaintiff's replacement did not have a disability protected by the ADA.

## V. STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE
### ADEA CLAIMS

58. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

59. Plaintiff is over forty (40).

60. Plaintiff is qualified for the position in question.

61. Plaintiff suffered from an adverse employment decision: termination.

62. Plaintiff's replacement was sufficiently younger to permit a reasonable inference of age discrimination.

63. Plaintiff avers based on the facts set forth herein, that Plaintiff was intentionally and willfully terminated due to her age in violation of the ADEA.

64. Plaintiff further avers the Defendant has a habit and/or practice of discriminating against employees due to their age.

65. Plaintiff avers that Defendant's actions and Plaintiff's termination were in violation of ADEA.

66. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, liquidated damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

67. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

68. The Plaintiff has satisfied all administrative prerequisites to bring this claim.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by ADEA; and

b. Grant Plaintiff a permanent injunction enjoining Defendant's, their agent, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating ADEA; and

c. Grant Plaintiff an Order requiring the Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), liquidated damages, interest, attorney's fees, expenses, costs; and

d.  Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO
## AADEA CLAIMS

69. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

70. Plaintiff is over forty (40).

71. Plaintiff is qualified for the position in question.

72. Plaintiff suffered from an adverse employment decision: termination.

73. Plaintiff's replacement was sufficiently younger to permit a reasonable inference of age discrimination.

74. Plaintiff avers based on the facts set forth herein, that Plaintiff was intentionally and willfully terminated due to his age in violation of the AADEA.

75. Plaintiff further avers the Defendant has a habit and/or practice of discriminating against employees due to their age.

76. Plaintiff avers that Defendant's actions and Plaintiff's termination were in violation of AADEA.

77. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, liquidated damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

78. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

79. The Plaintiff has satisfied all administrative prerequisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by AADEA; and

b. Grant Plaintiff a permanent injunction enjoining Defendant's, their agent, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating AADEA; and

c. Grant Plaintiff an Order requiring the Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), liquidated damages, interest, attorney's fees, expenses, costs; and

d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE
## ADAA CLAIMS

80. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

81. Defendant intentionally discriminated against Plaintiff because of her disabilities, isolating Plaintiff and ultimately terminating her because of her disabilities.

82. Defendant perceived Plaintiff to have disabilities and intentionally discriminated against her because of her perceived disabilities, by terminating her because of her perceived disabilities.

83. Upon information and belief, Plaintiff was replaced by a non-disabled employee.

84. The discriminatory action of Defendant as set forth herein, has caused and will continue to cause Plaintiff to suffer losses of earnings, from the date of her termination until the date on which Plaintiff is re-hired by Defendant, or finds substantially equivalent employment.

85. As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities and experience in the position from which she was terminated. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

86. As a further proximate result of Defendant's unlawful and intentional

discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.  Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by ADAA; and

b.  Grant Plaintiff a permanent injunction enjoining Defendant's, their agent, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating ADAA; and

c.  Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), front pay and/or future lost earnings, for the period from the date of judgment to the date of her reinstatement; for backpay, with prejudgment interest; punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct; interest, attorney's fees, expenses, costs;

  d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT FOUR
## ADAA RETALIATION

  87. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

  88. As detailed in the above Paragraphs, Plaintiff suffered retaliatory treatment and termination on the basis of her disability. Plaintiff engaged in protected activity by requesting workplace accommodations, including, but not limited to, her requests for CTS surgery. Plaintiff engaged in protective activity when she complained to HR of harassment and isolation based on her disability. Any reasons offered by Defendant for the isolation and termination were pretext for retaliation.

  89. The discriminatory action of Defendant as set forth herein, has caused and will continue to cause Plaintiff to suffer losses of earnings, from the date of her termination until the date on which she is re-hired by Defendant, or finds substantially equivalent employment.

  90. As a further proximate result of Defendant's unlawful and intentional retaliatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as experience in the position from which Plaintiff was terminated. As a result of such

discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

91. As a further proximate result of Defendant's unlawful and intentional retaliatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by ADAA; and

b. Grant Plaintiff a permanent injunction enjoining Defendant's, their agent, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating ADAA; and

c. Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), front pay and/or future lost earnings, for the period from the date of judgment to the date of her reinstatement; for backpay, with prejudgment interest;

punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct; interest, attorney's fees, expenses, costs;

      d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

Respectfully Submitted,

*/s/ Brandy Murphy Lee*
Brandy Murphy Lee

Counsel for the Plaintiff,
Sharron Cook

OF COUNSEL:

Lee Law Firm, LLC

Brandy M. Lee
(ASB-8735-E67B)
Lee Law Firm, LLC
2100 First Avenue North, Suite 600
Birmingham, AL 35203
Tel: (205) 328-9445 Ext 405
Fax: (800) 856-9028
E-mail: brandy@leelawfirmllc.com

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.**

*/s/ Brandy Murphy Lee*
Brandy Murphy Lee

Please serve Defendant by Certified Mail at the following address:

Decatur Morgan Hospital
1201 7th Street SE
Decatur, Alabama 35601